## THE DISTRICT OF COLUMBIA *v.* CRUMBAUGH.

STREETS AND SIDEWALKS; CONTRIBUTORY NEGLIGENCE.

A person who is injured by falling into a hole in a plank sidewalk
    caused by the tilting of a loose plank, can not be said to be
    guilty of contributory negligence in law which will preclude a
    recovery from the municipality, where she knew before the
    accident there were loose boards in the sidewalk but did not
    know their exact location; the question of negligence is one
    for the jury.

No. 852.  Submitted November 8, 1898.  Decided December 9, 1898.

HEARING on an appeal by the District of Columbia from
a judgment on verdict in an action to recover damages for
personal injuries.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. S. T. Thomas,* Attorney for the District of Columbia,
and *Mr. A. B. Duvall,* Assistant Attorney, for the appellant:

Where one, knowing the defective condition of a sidewalk,
ventures upon it without taking the precaution necessary to
prevent a fall, he can not recover.  *Aurora* v. *Brown,* 11 Ill.
App. 122; *Mayhew* v. *Burns* (Ind.), 2 N. E. R. 793; *Erie* v.
*Magill,* 101 Pa. St. 616; *Schaefler* v. *Sandusky,* 33 Ohio St.
246; *Wilson* v. *Charlestown,* 8 Allen, 137; *Parkhill* v. *Brigh-
ton,* 61 Iowa, 103; *Cook* v. *Johnson,* 58 Mich. 437; *Dist. of Col.*
v. *Brewer,* 7 App. D. C. 113.

*Mr. Chas. Cowles Tucker* and *Mr. Edward B. Kimball* for
the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

On September 27, 1895, the appellee, Mrs. Josephine V.
Crumbaugh, was injured while walking on a plank sidewalk,

formed of pine boards and extending along the south side of the Canal road, or M street, extended, in the District of Columbia for a distance of about five squares or more, which the declaration in this case alleges to have been left in an unsafe condition by the negligence of the officers and agents of the District. Some of the boards in the walk, it seems, had rotted; some had become loose; the nails had gradually worked out from some of the joists or stringers, and the planks when walked upon would sometimes tilt. Complaint had been frequently made to the members of the police board in regard to the condition of the walk; and from the testimony there would seem to have been no doubt of the negligence of the proper authorities of the District of Columbia in their failure to keep the place in proper condition. Indeed, the defense of the District in the argument before us would seem to be in great measure based upon the theory that this sidewalk was notoriously so defective that the District was exonerated from liability by reason of the magnitude of defect, and that any one who used the sidewalk was guilty of contributory negligence. But this is an exaggerated statement of the case, although the defendant's negligence is not sought to be controverted. The alleged contributory negligence of the plaintiff is, however, the basis of defense and of the present appeal.

At the trial the plaintiff testified that, on the day mentioned, she and her daughter were walking along the Canal road on the plank walk in question; that her daughter stepped on a loose board, and the board fell, and she (the plaintiff) slipped into a hole where the board came from, and was injured. And she added, on cross-examination, that she had previously noticed loose boards on the walk, but did not know precisely where they were.

On this testimony it was sought on behalf of the District that the trial court should peremptorily direct the jury to render a verdict in favor of the defendant, on the ground of contributory negligence on the part of the plaintiff.

This instruction the court refused to give, and left the case to the jury, both upon the question of the defendant's negligence and the plaintiff's contributory negligence. The jury returned a verdict for the plaintiff in the sum of six hundred dollars, upon which there was judgment; and from this the defendant has appealed, assigning as error only the refusal of the trial court to direct a verdict as requested.

It is very clear to us that the trial court was right in its ruling. This was not a case to be taken from the jury. The conditions under which it is proper so to instruct the jury are well known, and have been repeatedly stated in recent decisions of the Supreme Court of the United States and of this court. They need not be reiterated here. To walk upon a plank sidewalk, in which there are loose boards, is not in itself an act of negligence. Prudent and cautious men do so every day. Such a sidewalk is not necessarily a place of obvious danger so as to charge a person venturing upon it as guilty of negligence in law. Plainly the question of negligence in such case is one for a jury to determine under all the circumstances and with proper instructions such as were given by the trial court in this case. It would have been grave error to have taken this case from the consideration of the jury.

It is argued on behalf of the District, that it is difficult to distinguish this case from that of *The District* v. *Brewer*, 7 App. D. C. 113; but we think that there is quite a difference between the two. In that case there was a dangerous chasm or break in the sidewalk, several inches below the surface of the remainder of the walk, and which the plaintiff in that case knew to be dangerous, and especially dangerous when covered with snow as it was at the time of the accident to him; and yet he took his way by that dangerous place instead of going by his usual route, or turning into the street to avoid it; and we held that he was guilty of contributory negligence as matter of law. But there was

no such obvious and well-known place of danger here. Loose planks in a sidewalk, as we have remarked, are not necessarily dangerous. The injured person here did not know of their precise location. They might have been few in all, and they might have been avoided if they had been known. The question here is one of fact, not of law. The case in our opinion is easily distinguishable from that of *The District* v. *Brewer*.

We think that the judgment appealed from should be *affirmed. And it is so ordered.*